# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN L. RUTHERFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2307-LMA-SS** |
| **MICHAEL J. ASTRUE,**<br>**COMMISSIONER, SOCIAL SECURITY**<br>**ADMINISTRATION** | |

## REPORT AND RECOMMENDATION

The plaintiff, Steven L. Rutherford ("Rutherford"), seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his request for benefits.

## PROCEDURAL HISTORY[1]

On April 15, 2002, Rutherford filed an application for disability insurance benefits and a period of disability under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. He alleged that as of September 17, 1998, he was disabled. The application was denied at the initial level. It was not appealed. See Declaration and Ortiz-Exhibit 2.

---

[1] In support of its motion to dismiss, the Commissioner submitted the October 7, 2011 declaration of Donald V. Ortiz of the Social Security Administration ("Declaration"). With the declaration are:

(1) Abbreviated DIB Review Sheet which is marked Exhibit 1 ("Ortiz-Exhibit 1");

(2) June 10, 2010 letter from the SSA reporting that Rutherford's claim for benefits was denied.

(3) May 20, 2010 notice of disapproved claim for SSI ("Ortiz-May 20, 2010");

(4) January 19, 2011 notice of dismissal by the ALJ ("Ortiz-Exhibit 3");

(5) January 19, 2011 Order of Dismissal by ALJ ("Ortiz-ALJ Dismissal"); and

(6) August 15, 2011 Notice of Appeals Council Action ("Ortiz-Exhibit 4").

On April 4, 2006, Rutherford filed applications for claims for benefits under Title II and for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1382(a)(3). He alleged that disability began as of January 1, 2002. The claims were denied at the initial level. There was no appeal. See Declaration and Ortiz-Exhibit 2.

On May 13, 2010, Rutherford filed applications for claims for benefits under Title II and Title XVI. He alleged that disability began as of March 1, 1991. See Declaration.

On May 20, 2010, the claim for SSI was denied because Rutherford had too much income to be eligible for SSI. See Ortiz-May 20, 2010.

On June 10, 2010, the claim for benefits under Title II was denied because the SSA could not determine that Rutherford was disabled on or before the date last insured (December 31, 1996). See Ortiz-Exhibit 2.

On June 14, 2010, Rutherford requested a hearing before an ALJ. See Declaration and Ortiz-ALJ Dismissal.

On January 19, 2011, the ALJ determined that the doctrines of *res judicata* and administrative finality applied and dismissed Rutherford's claim for a period of disability and disability insurance benefits. See Ortiz-ALJ Dismissal.

On August 15, 2011, Rutherford's request for review was denied by the Appeals Council. See Ortiz-Exhibit 4.

On September 27, 2011, Rutherford filed a complaint in federal court in proper person and *in forma pauperis*. Rec. doc. 4.

On December 29, 2011, the Commissioner filed a motion to dismiss which was set for February 1, 2012. Rec. docs. 10 and 12. The Commissioner did not file the administrative record

except for the documents accompanying the motion to dismiss. Rutherford filed a motion for summary judgment (Rec. doc. 14), an opposition to the motion to dismiss (Rec. doc. 13), and a motion for sanctions (Rec. doc. 15).

## **COMMISSIONER'S ARGUMENT**

The Commissioner argues that administrative *res judicata* applies when a claimant does not appeal an administrative denial of his claim. Muse v. Sullivan, 925 F.2d 785, 787 n.1 (5th Cir. 1991), and 20 C.F.R. § 404.957(c)(1). It urges that the Fifth Circuit has consistently recognized the preclusive effect of administrative *res judicata* in cases where the prior denial of benefits was made at the initial determination or reconsideration level. Thibodeaux v. Bowen, 819 F.2d 76, 78 (5th Cir. 1987).

In Califano v. Sanders, 430 U.S. 99, 99 S.Ct. 980 (1977), the Supreme Court addressed the question of whether a denial of a claim for Social Security benefits on the basis of administrative *res judicata* constituted a "final decision" within the meaning of 42 U.S.C. §405(g).[2] The Commissioner urges that Rutherford is similarly situated to the claimant in Sanders who filed an initial claim for benefits, did not appeal his administrative denial, and later filed a second application "alleging the same bases of eligibility." 430 U.S. at 102. The Sanders claimant's second application was regarded as barred by *res judicata* but was also treated as a request to reopen the prior denial of benefits, which was denied. Id. at 102-03.[3] Sanders concluded that the Social Security Act did not authorize judicial review of the Commissioner's final decision not to reopen a claim for benefits.

---

[2] The Federal courts have jurisdiction to review any final decision of the Commissioner made after a hearing to which the claimant was a party.

[3] The ALJ determined that none of the conditions for reopening set forth in 20 C.F.R. 404.988 were present in the case presented by Rutherford. Here, the ALJ concluded that the previous determinations remained final and binding. Ortiz-ALJ Dismissal at 3.

3

Id. at 107-08. It found that a request for reopening a prior decision may be denied without a hearing, and thus is outside the scope of § 405(g)'s grant of jurisdiction. Id. at 108.

The Commissioner notes that the Fifth Circuit followed Sanders in Robertson v. Bowen, 803 F.2d 808 (5th Cir. 1986). In Robertson, the claimant's application for benefits was rejected on the basis of *res judicata*, and the court specifically denied reopening of the prior unappealed administrative determinations. Id. at 809. The Fifth Circuit noted that "federal courts have no subject matter jurisdiction to review a decision by the [Commissioner] not to reopen a case." Id. at 810.

## **RUTHERFORD'S ARGUMENTS**

Rutherford contends that: (1) the motion to dismiss is a perjured document and should be dismissed; (2) pursuant to Fed. R. Evid. 801(c), the Commissioner's motion should be excluded as hearsay; (3) at the hearing before the ALJ, he was denied due process because the Commissioner was represented at the hearing by the ALJ and the decision was in favor of the Commissioner; (4) he sustained severe neck and knee injuries while in the U.S. Air Force in 1979; (5) while employed by the U.S. Postal Service, he was injured in 1988 and became totally disabled; (6) since 1988, he has been receiving workers' compensation benefits for disability; and (7) the U.S. violated this Court's order by not filing the administrative record and answer. These arguments are found in Rutherford's opposition to the motion to dismiss, his motion for summary judgment, and his motion for sanctions. Rec. docs. 13-15.

## **ANALYSIS**

Rutherford's contention that he was denied due process is without merit. In Robertson, a mere allegation of due process violation was not found to be sufficient to create jurisdiction. "If the

4

mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then every decision of the Secretary would be reviewable by the inclusion of the [magic] words . . . ." 803 F.2d at 810. The ALJ's order of dismissal notes that because Rutherford was not represented by counsel, a hearing was held on December 1, 2010 to determine whether administrative *res judicata* was applicable. At the hearing, Rutherford knowingly waived his right to a representative. He testified and presented documentary evidence. See Ortiz-ALJ Dismissal at 1. Rutherford has not presented a colorable constitutional claim.

The ALJ reported that the Rutherford testified that he did not appeal the denials of the April 15, 2002 and April 4, 2006 applications because he did not think it was worth it. At the June 14, 2010 hearing, he believed he was entitled to benefits because the Veteran's Administration had determined that he had a 100% service-connected disability. "[A] determination made by another agency that you are disabled . . . is not binding on . . . (the Commissioner). 20 C.F.R. 404.1504. The ALJ concluded that Rutherford did not submit any new and material evidence to prevent the application of *res judicata* and administrative finality.

Instead of filing an answer and the administrative record, the Commissioner filed a motion to dismiss. There is no merit to Rutherford's motion for sanctions.

## **RECOMMENDATION**

Accordingly, IT IS RECOMMENDED that: (1) the Commissioner's motion to dismiss (Rec. doc. 10) be granted; (2) Rutherford's motion for sanctions (Rec. doc. 15) be denied; and (3) his motion for summary judgment (Rec. doc. 14) be dismissed as moot.

## **OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 9th day of February, 2012.

————————————————
**SALLY SHUSHAN**
**United States Magistrate Judge**